926 F.2d 1215
 288 U.S.App.D.C. 342
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
RADIO REPRESENTATIVES, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION, Respondent.
 No. 90-1227.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 22, 1991.
 
 PETITION DENIED.
 Before WALD, BUCKLEY and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on petition for review of an order of the Federal Communications Commission and the briefs filed by the parties. See D.C.Cir.Rule 13(i). The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review is denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven (7) days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Petitioner Radio Representatives, Inc. ("RRI") seeks review of a decision and order of the Federal Communications Commission ("FCC" or "Commission") granting the application of Richard P. Bott, II ("Bott") to construct an FM radio station in Blackfoot, Idaho. In particular, RRI contends that Bott did not demonstrate the requisite good cause and "unforeseeability" in amending his application to specify a new transmitter site and thus that the FCC erred in approving that amendment. Upon a thorough review of the record, we conclude that the FCC's decision was not arbitrary or capricious. Accordingly, we deny RRI's petition for review.
 
 I. BACKGROUND
 
 5
 On July 11, 1985, Bott filed an application for a construction permit for a broadcast facility. In the application, Bott proposed to locate an antenna in an area known as "Lot 6" on Howard Mountain in Idaho. This area is administered by the U.S. Bureau of Land Management (BLM) and Bott, in preparing his application, had consulted with Delen T. Stears, the BLM's communications specialist. Stears had "recommended Lots 6 and 7 because they would be closer to electrical power" and "indicated that when [Bott] was ready to actually rent the space [he] should contact the" BLM's Pocatello office. This conversation was confirmed by letter.
 
 
 6
 In September 1985, a private group, the Howard Mountain Users Association ("Users Association") passed a resolution recommending to the BLM that Lot 6 be used for "low power communication sites" and that Lots 11, 12, and 13 be used for high power sites (such as Bott's proposed antenna). This recommendation was discussed at a BLM meeting in March 1986. Although BLM officials believed that the "recommendation ha[d] merit," they were "not bound by this recommendation."
 
 
 7
 In August 1987, the BLM wrote to Bott reporting the Users Association's recommendation and suggesting that Bott reconsider his site selection. Again, the BLM noted that the Users Association's recommendation was "not binding on the Bureau." Three weeks later, Bott petitioned to amend his application so as to locate the antenna on Lot 12, instead of Lot 6.
 
 
 8
 An Administrative Law Judge ("ALJ") granted Bott's petition to amend, finding that, consistent with 47 C.F.R. Sec. 73.3522(b)(1), Bott had demonstrated good cause and that his amendment was necessitated by events that could not have been foreseen. On appeal, the FCC's Review Board found that the Users Association's recommendation was not binding on the BLM, that Bott did not become aware of the recommendation until August 1987, and that thereafter he acted promptly in locating a new site and petitioning to amend his application. Accordingly, the Board affirmed the ALJ's decision. The Commission denied RRI's application for review and this appeal followed.
 
 II. ANALYSIS
 
 9
 Under the relevant regulations, Bott's application to amend could only be granted "upon a showing of good cause for late filing" and a demonstration that "the amendment [was] necessitated by events which the applicant could not reasonably have foreseen." 47 C.F.R. Sec. 73.3522(b)(1). RRI contends that the FCC erred in finding good cause and "unforeseeability" and thus that the Commission's decision was arbitrary and capricious.[1] For the reasons stated below, we disagree.
 
 
 10
 The Commission has long employed a multi-factor analysis for assessing "good cause." See Erwin O'Conner Broadcasting Co., 22 F.C.C.2d 140, 143 (Rev.Bd.1970). RRI first contends that, contrary to the finding of the Review Board, Bott has failed to demonstrate one of these factors--namely, "due diligence." Both parties agree that due diligence is determined from "the time the applicant is, or should have been, apprised of the problem requiring amendment." Horizon Broadcasting, Inc., 103 F.C.C.2d 656, 659 (Rev.Rd.1986) (emphasis in original). RRI argues that Lot 6 became unavailable in March 1986 when the BLM met to discuss the Users Association's recommendation and thus that, in not amending his application until August 1987, Bott failed to exercise due diligence. The Review Board read the record differently. Emphasizing that the BLM did not consider itself bound by the Users Association's resolution, the Review Board found that there was no "problem requiring amendment" (and thus no due diligence required) in March 1986. Even if the BLM had considered itself bound, the Board continued, RRI did not demonstrate that Bott "should have been [ ] apprised" of that information until he received the BLM's August 1987 letter. On these grounds, the Board affirmed the ALJ's finding of due diligence.
 
 
 11
 The Board's decision is well supported by the record. A BLM official clearly stated that as of March 1986 the Bureau did not consider itself bound by the Users Association's resolution. Indeed, as late as August 1987 the Bureau made clear that it did not consider the resolution binding. The only evidence to the contrary is an ambiguous declaration in which a paralegal retained by RRI reports a hearsay statement by a BLM official. This statement does not suggest that Bott had any reason to believe Lot 6 might not be available prior to August 1987. All told, the Board's reasoning and the administrative record clearly reflect that the Board's decision "was based on a consideration of the relevant factors" and was not "a clear error." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971).
 
 
 12
 RRI also contends that the Board erred in finding that the events necessitating the amendment were unforeseeable. To support this claim, RRI notes Bott's experience in licensing proceedings and suggests that Bott should have formally notified the BLM of his intention to build on Lot 6. The Board disagreed and found nothing in the record supporting a claim that Bott could have foreseen the BLM's apparent policy change. Moreover, as the Board notes in its brief, it appears that "space on Howard Mountain could not be rented from the BLM until an FCC authorization had been obtained." Thus, there was no reason for Bott to contact the BLM before his FCC application was approved. Again, on this record, it seems beyond question that the Board's decision reflected reasoned decisionmaking and was not arbitrary and capricious.
 
 
 13
 For these reasons, we find that the FCC's order was not erroneous and deny the petition for review.
 
 
 
 [1]
 In its application for a construction permit for a broadcast facility, an applicant must specify the site upon which it intends to place its transmitter. That specification must be based on a " 'reasonable assurance in good faith that [the transmitter] site will be available.' " Mount Wilson FM Broadcasters v. FCC, 884 F.2d 1462, 1463 (D.C.Cir.1989) (citation omitted). The Review Board found that Bott's initial site application was founded upon such reasonable assurance. As RRI did not apply for Commission review of the Board's finding, the soundness of that finding is not an issue before this court